UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDUSTRIAL CARRIERS INC.,

        Plaintiff,

- against -

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, and AEGEAN CARRIERS
S.A.
        Defendants.
------------------------------------------------------------X

07 CV 9706 (PAC)
ECF CASE

## VERIFIED AMENDED COMPLAINT

Plaintiffs, INDUSTRIAL CARRIERS INC. ("ICI"), by and through its attorneys, Tisdale Law Offices, LLC for its Verified Complaint against the Defendants, YONG HE SHIPPING (HK) LTD. ("YONG HE"), PROSPER SHIPPING LTD. ("PROSPER"), and AEGEAN CARRIERS, S.A. ("AEGEAN") (collectively "Defendants") alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff ICI was, and still is, a foreign company or other business entity organized under and existing by virtue of foreign law with a principal place of business in the Marshall Islands.

3.    Upon information and belief, Defendant Yong He was a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business in Hong Kong and was the Owner of the Vessel VARIOS IPIROS HELLAS ("Vessel").

4.    Upon information and belief, Defendant Prosper was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in Hong Kong.

5. Upon information and belief, Defendant Prosper is a paying agent of Defendant Yong He and made partial charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

6. Upon information and belief, Defendant Aegean was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law organized in the Marshal Islands with a place of business in Greece.

7. Upon information and belief, Defendant Aegean is a paying agent of Defendant Yong He who made partial charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

8. Pursuant to a NYPE Time Charter Party with Riders, dated October 2, 2007, Plaintiff chartered its Vessel to Yong He for the shipment of bulk or bagged general cargoes.

9. The Charter Party required Defendant to pay charter hire in the amount of "$43,000 DIOT [daily, including overtime] payable every 15 days in advance to owners nominated bank account."

10. Defendants have failed to pay advance charter hire due to Plaintiff as per the charter party terms and as a result, Defendants have breached the Charter Party causing loss and damage to the Plaintiff in the amount of $2,330,940.90.

11. Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Andromeda will be entitled to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $2,330,940.90 |
| B. | Interest at 6.5% compounded Quarterly for three years | $485,204.12 |

|   |   |   |   |
|---|---|---|---|
|   | C. | Arbitration costs and attorneys fees | $65,000.00 |
| **Total** |   |   | **$2,881,145.02** |

13. Upon information and belief, Defendants Prosper and Aegean are paying and receiving agents acting on behalf of Defendant Yong He so that Defendant Yong He can insulate itself from creditors related to its contractual obligations, including the charter party identified herein.

14. Upon information and belief, the partial charter hire payments made by Defendant Prosper and Defendant Aegean to the Plaintiff, were made without any contractual obligation to Yong He.

15. It is not a general practice within the maritime community for independent companies to make or receive payments on behalf of other independent companies and such payments are suggestive of a relationship that is not at "arms length."

16. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendants.

17. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the

Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount of **$2,881,145.02** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       November 28, 2007

                                    The Plaintiff,
                                    INDUSTRIAL CARRIERS INC.

By: _____
Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut )
                          )   ss.:   Town of Southport
County of Fairfield )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     Southport, Connecticut
            November 28, 2007

_____
Claurisse Campanale-Orozco